IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

  Plaintiff,

vs.                     No. CR 07-2443 JB

KEITH SALAZAR,

  Defendant.

**MEMORANDUM OPINION AND ORDER**

  **THIS MATTER** comes before the Court on: (i) Defendant Keith Salazar's Sentencing Memorandum, filed October 29, 2008 (Doc. 71); (ii) the Defendant's Supplemental Sentencing Memorandum, filed November 4, 2008 (Doc. 73); and (iii) the United States' Sentencing Memorandum and Response to Defendants' Objections to the Pre-Sentence Reports, filed November 28, 2008 (Doc. 83). The Court held a sentencing hearing on December 10, 2008. The primary issues are: (i) whether the Presentence Investigation Report ("PSR") correctly assessed an enhancement to Defendant Keith Salazar's offense level for obstruction of justice under U.S.S.G. § 3C1.1; (ii) whether the PSR incorrectly failed to reduce Salazar's offense level for playing a mitigating role under U.S.S.G. § 3B1.2; (iii) whether the Court should depart downward pursuant to U.S.S.G. § 5K2.12 from the guidelines sentence because Salazar's offense was, at least in part, the product of duress; (iv) whether the Court should vary from the advisory guidelines sentence because Salazar's offense was, at least in part, the product of duress; (v) whether the Court should otherwise vary from the guidelines sentence based on 18 U.S.C. § 3553(a); and (vi) whether the Court should grant the parties' request for a sentence of 72 months. For the reasons stated at the hearing and for other reasons consistent therewith, the Court will overrule Salazar's objections to

the PSR, will not depart downward under § 5K2.12, and will not vary from the guidelines sentence. The Court will, however, grant the parties' request for a sentence of 72 months.

The enhancement for obstruction of justice applies if the conduct that constitutes obstruction occurred while the defendant was aware of "an impending investigation." United States v. Mills, 194 F.3d 1108, 1115 (10th Cir. 1999). In United States v. Mills, an inmate counselor was charged with civil-rights violations for beating a prisoner. Before any investigation had begun, Mills erased portions of a tape recording of the attack. The United States Court of Appeals for the Tenth Circuit held: "In this case, the very purpose of taping was to assist the warden in his official program to curtail unlawful beatings. Clearly, Mills knew that an investigation would be conducted, and he understood the importance of the tape in that investigation." This knowledge was sufficient to support the application of the enhancement.

In United States v. Norman, 129 F.3d 1393 (10th Cir. 1997), the Tenth Circuit upheld an obstruction enhancement applied to Norman, a defendant who hid drugs and guns after being involved in an accident. After Norman was in a crash, he buried a baggie of methamphetamine on the scene, and hid guns in his truck. See id. at 1395-96. The Tenth Circuit said that the enhancement could apply because Norman hid evidence and because Norman was aware that the crash would trigger an investigation, which could uncover his contraband:

> A car accident investigation involves inquiries into causation, including whether either driver was under the influence. Moreover, such investigations routinely involve assessment of the cars' locations and conditions, and any contraband and drug paraphernalia in plain view may be seized. Finally, at the very least, when the driver neither owns the car nor possesses proof of insurance, he may reasonably anticipate that he and the car may be detained while police contact the owner, and that an inventory of the car's contents may be taken. Thus, we conclude that Norman was aware of an impending investigation, the scope of which necessarily entailed questions about, and the likely discovery of, controlled substances, so that his actions in attempting to conceal the methamphetamine were sufficiently related to the offense for which he was ultimately convicted.

Id. at 1399.

Based on these cases, the enhancement would apply here. The case law focuses on knowledge of a current or pending investigation and whether the action seeks to thwart that investigation. The knowledge component is important because of the wilfulness element -- a defendant cannot wilfully obstruct even an ongoing investigation unless he or she is aware of it. See id. at 1399 n. 9. Salazar was supplying information on law-enforcement activities to the conspiracy of which he was a part to interfere with an investigation that he was aware was occurring. Salazar knew that his co-conspirators were under investigation, and he could reasonably expect that the investigation would eventually lead back to him.

As the Court explained during the hearing, Salazar's role as a supplier of sensitive law-enforcement information to a drug-trafficking organization does not make him a minor or minimal participant. Salazar's conduct was not analogous to that of a drug courier or "mule." If anything, Salazar's conduct tends to place him in an aggravating role. Furthermore, the evidence that Salazar presented at the hearing and that is contained in the PSR is insufficient to support a downward departure on the grounds of duress. Additionally, the Court concludes that, based on the sentencing factors Congress has laid out in 18 U.S.C. § 3553(a), a sentence of 72 months is a reasonable and appropriate sentence. The Court will therefore not vary from the Sentencing Guidelines as Salazar requests, but will grant the parties' request for a sentence of 72 months.

**IT IS ORDERED** that: (i) the objections in Defendant Keith Salazar's Sentencing Memorandum are overruled; (ii) the motion for a downward departure based on U.S.S.G. § 5K2.12 contained in  Defendant Keith Salazar's Sentencing Memorandum is denied; (iii) the Defendant Keith Salazar's request for a variance is denied; and (iv) the requests in the Defendant's Supplemental Sentencing Memorandum and the United States' Sentencing Memorandum and

Response to Defendants' Objections to the Pre-Sentence Reports for a sentence of 72 months incarceration for Defendant Levi Countryman are granted.

                                                                         _____
                                                          UNITED STATES DISTRICT JUDGE

*Counsel:*

Gregory J. Fouratt
  United States Attorney
Reeve L. Swainston
  Assistant United States Attorney
Albuquerque, New Mexico

      *Attorneys for the Plaintiff*

Brian A. Pori
Inocente, P.C.
Albuquerque, New Mexico

      *Attorney for the Defendant*